UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY ADELSON,

    Plaintiff,

  v.

OCWEN FINANCIAL CORPORATION, et al.,

    Defendants.
_____/

Case No. 07-13142
HON. TERRENCE G. BERG
HON. MONA K. MAJZOUB

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR AN EXTENSION TO FILE AN AMENDED COMPLAINT (DKT. 23)**

This is a case challenging a mortgage foreclosure action. This matter was originally filed in Oakland County Circuit Court on June 25, 2007, and was timely removed to federal court by Defendants and assigned to the Honorable Judge Paul V. Gadola. (*See* Dkt. 1.) In December 2007, this case was transferred to the Northern District of Illinois where it was consolidated with Multi District Litigation No. 1604, a proceeding against Defendant Ocwen Financial Corporation. (*See* Dkts. 7-9.) Although the MDL proceeding was resolved in 2010, this case remained pending in the Northern District of Illinois until it was remanded to this Court in September 2015 and reassigned to the undersigned. (*See* Dkts. 12, 16.) Plaintiff is proceeding pro se at this time, although she has indicated she wants to find an attorney who could serve in a stand-by capacity.

This case has been pending for nearly nine years. To explore the possibility of settlement, the Court ordered the parties into facilitation in October 2015. (Dkts. 19, 20.) When facilitation proved unsuccessful, the Court held a status conference on January 27, 2016 to discuss a scheduling order. At that conference, both parties expressed a need for additional discovery and requested that Plaintiff be permitted to file an amended complaint.[1] The Court agreed, and granted Plaintiff 10 days to file a proposed amended complaint. Plaintiff had previously prepared a proposed amended complaint for filing before the Northern District of Illinois, but that complaint was never accepted for filing before that court.[2]

Plaintiff is now asking for an extension of time to file her proposed amended complaint. (Dkt. 23.) In her motion, Plaintiff states that she "chosen an attorney" to represent her in this case but this individual is "out-of-town and unavailable", apparently for an indefinite period of time. (*Id.* at 1.) Accordingly, Plaintiff requests an additional 30 days in order to bring this attorney "up to speed" on this case. (*Id.* at 2.) Plaintiff also states in her motion that she contacted Defense Counsel on February 1, 2016 to discuss stipulating to an extension of time. (*Id.* at 1.) The

---

[1] Plaintiff raised this issue herself at a prior status conference with this Court on October 1, 2015, but this Court did not formally address the issue at that time because it ordered the parties into facilitation. (See Dkts. 19, 20.)

[2] On August 31, 2015, Plaintiff filed a motion to amend her complaint before the Honorable Judge Charles R. Norgel, Sr., in the Northern District of Illinois. *Adelson v. Ocwen Financial Corp., et al.*, No. 07-CV-7208 (N.D. Ill.), ECF. No. 76. As part of her motion, Plaintiff attached a proposed 83-page amended complaint. *Id.* at Ex. 1. Judge Norgel, however, did not rule on that motion before Plaintiff's case was transferred back to this Court and his remand order did not specify that any pending motions would be transferred along with the case. *See id.*, ECF No. 87. Accordingly, that motion to amend was not considered to be pending before this Court.

parties must have been unable to come to an agreement, however, because the Court never received a stipulated order. Plaintiff filed this motion instead.

The Court will grant Plaintiff some additional time to prepare her amended complaint, but not an additional 30 days. Pursuant to Federal Rule of Civil Procedure 6(b), the Court *may* grant an extension of time "for good cause". Here, there are several reasons casting doubt on whether there is good cause to grant the extension Plaintiff requests. First, Plaintiff did not object to the original 10-day period for filing the amended complaint when the Court imposed it, and that period has now expired. Second, it is not clear whether Defendants ever formally agreed to a 30-day extension or whether the parties only had discussions about an extension. Third, as stated above, a draft 83-page amended complaint was already prepared by Plaintiff and filed in the Northern District of Illinois on August 31, 2015. *Adelson v. Ocwen Financial Corp., et al.*, No. 07-CV-7208 (N.D. Ill.), ECF. No. 76. It therefore appears that Plaintiff is already prepared to file her proposed amended complaint, as she has been requesting to do since October 2015.

Finally, the attorney referred to by Plaintiff is not identified and he has not yet entered any appearance in this case. Moreover, there is no indication in the motion as to whether Plaintiff can contact him, when Plaintiff will be able to confer with him, or whether he has actually agreed to represent Plaintiff. Under these circumstances, good cause has not been shown to justify such a lengthy extension of time.

3

The Court will, however, allow Plaintiff an additional **14 DAYS** from the date of this order to prepare and file her proposed amended complaint. Accordingly, Plaintiff's motion for an extension of time (Dkt. 23) is **GRANTED IN PART** and Plaintiff is **HEREBY ORDERED** to file her proposed amended complaint on or before **FEBRUARY 23, 2016**.

**No further extensions will be granted**.

**SO ORDERED**.

>                        s/Terrence G. Berg
>                        TERRENCE G. BERG
>                        UNITED STATES DISTRICT JUDGE

Dated:  February 9, 2016

### Certificate of Service

I hereby certify that this Order was electronically submitted on February 9, 2016, using the CM/ECF system, which will send notification to each party.

>                        By:  s/A. Chubb
>                               Case Manager