UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY ADELSON,

        Plaintiff,

                                  Case No. 07-13142

      v.                         HON. TERRENCE G. BERG
                                  HON. MONA K. MAJZOUB

OCWEN FINANCIAL CORPORATION, et al.,

        Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION FOR A MORE DEFINITIVE
STATEMENT AND MOTION TO STRIKE (DKT. 31),
DENYING WITHOUT PREJUDICE DEFENDANT SCOTT W. ANDERSON'S
MOTION TO DISMISS (DKT. 45), AND DENYING AS MOOT
PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME (DKT. 48)
AND MOTION FOR LEAVE TO FILE EXCESS PAGES (DKT. 50)**

This is a pro se mortgage foreclosure and quiet title action that has been

pending since 2007. On January 27, 2016, at the parties' request, the Court granted

Plaintiff Wendy Adelson's request for a 10-day extension to file an amended

complaint during a telephonic status conference. Plaintiff filed her first amended

complaint on February 23, 2016. (Dkt. 25.)

A number of motions have since been filed. Defendants have filed motions for

a more definitive statement and to strike portions of the amended complaint. (Dkt.

31). Defendant Scott W. Anderson has filed a motion to dismiss for lack of personal

jurisdiction (Dkt. 45), and Plaintiff has moved both for an extension of time (Dkt.

48) to respond to Defendant Anderson's jurisdictional motion and for leave to exceed the page-limit. (Dkt. 50.)[1]

The Court has reviewed the parties' filings, and finds that oral argument will not significantly aid the decision making process. Thus, pursuant to Local Rule 7.1(f)(2), no hearing will be held.

For the reasons stated below, Defendants' motion for a more definitive statement and motion to strike (Dkt. 31) will be **GRANTED**. To address the deficiencies in the first amended complaint raised by Defendants' motions, Plaintiff shall file a second amended complaint within **14 days** of the date of this Order. No extension will be granted. Because Plaintiff is being given the opportunity to plead sufficient facts in a second amended complaint that may address the personal jurisdiction questions raised in Defendant Anderson's motion to dismiss, that motion (Dkt. 45) will be **DENIED WITHOUT PREJUDICE**. It may be refiled if Defendant Anderson believes the second amended complaint also fails to allege personal jurisdiction over him.

In light of these rulings, Plaintiff's motion for an extension of time (Dkt. 48) to respond to Defendant Anderson's motion and for leave to exceed the page-limit (Dkt. 50) will be **DENIED AS MOOT**.

---

[1] Before the Court ruled on Plaintiff's motion for an extension of time to file a response to Defendant Anderson's motion to dismiss and her motion for leave to file excess pages, Plaintiff filed her response without leave to do so. (Dkt. 49.) Briefs that are improvidently filed are subject to being stricken from the record. Because the Court will not reach the merits of Defendant Anderson's motion at this time, however, Plaintiff's related motions will be denied as moot rather than stricken, and the Court will not consider her response brief.

Plaintiff's case has been pending for nine years, most of that time before the federal district court in the Northern District of Illinois. By now, Plaintiff should have an adequate understanding of who she is suing and what she alleges each of the defendants has done in violation of which state or federal laws or constitutional amendments. Plaintiff has already had two opportunities to state her claims, but has failed to do so in any clear and concise manner, and has added defendants nine years after this litigation began. Moreover, Plaintiff has elected to proceed in pro per despite the Court's repeated admonitions that she should seek the advice and assistance of counsel. Defendants have filed motions pointing out the deficiencies in Plaintiff's complaint. The Court will therefore allow Plaintiff one more chance to amend her complaint so that it can be understood and responded to. If Plaintiff fails to submit an amended complaint within **14 days** of the date of this Order, Plaintiff's complaint may be dismissed with prejudice without further notice or hearing.

## 1. Defendants' motion for a more definitive statement

Defendants have filed a motion for a more definitive statement pursuant to Federal Rule of Civil Procedure 12(e). (Dkt. 35.) Rule 12(e) states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

3

Likewise, each numbered paragraph in a complaint should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Plaintiff's 73-page amended complaint contains 21 counts, 335 individual paragraphs, and names 7 defendants. (Dkt. 25.) In their motion, Defendants do not challenge the length of the pleading so much as its lack of specificity. (Dkt. 31, pp. 7-8.) Defendants acknowledge that Plaintiff is proceeding pro se, but assert that the complaint fails to provide fair notice of what Plaintiff's claims are against each defendant and upon what legal grounds these claims are based. (*Id.* at 8.) In particular, Defendants maintain that the amended complaint does not specify which allegations relate to which defendants, and that some of Plaintiff's allegations, while they cannot apply to all Defendants, as drafted would still require all Defendants to respond. (*Id.* at 11-13.) Moreover, Defendants argue that Plaintiff fails to identify the basic elements of each claim and, as a result, Defendants cannot determine which facts are being alleged in support of which counts. (*Id.* at 15.)

In her response, Plaintiff asserts that throughout the nine years that this litigation has been pending, Defendants "have continued their fraudulent actions during this period which have either enhanced the allegations contained within the Original Complaint and/or required the inclusion of additional allegations." (Dkt. 44, p. 3.) Under the pleading standard established in *Bell Atlantic v. Twombly*, 550 U.S. 554 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), Plaintiff argues that her complaint must be so comprehensive because she is required to "set out in detail the

4

facts upon which [she] bases [her] claim" and "give enough details about the subject-matter of the case to present a story that holds together." (*Id.* at 5-8.)

With respect to Defendants' arguments regarding a lack of specificity, Plaintiff maintains that "[r]eferences to Defendant(s) without naming a specific Defendant(s) references all of the Defendants, as all of the Defendants conspired and acted together in harmony in order to complete the fraud as contended within the pleading." (*Id.* at 6.) Plaintiff asserts that her amended complaint must be sufficiently clear because Defendants were able to file a responsive pleading in the form of their motion for a more definitive statement and motion to strike. (*Id.* at 12.) In their reply brief, Defendants maintain that Plaintiff's response does not "indicate which claims are pled against which Defendant" and is therefore insufficient to resolve this dispute. (Dkt. 47, p. 3.)

Plaintiff's first amended complaint does not comply with the Federal Rules of Civil Procedure. As a threshold matter, Plaintiff does not clarify which counts apply to which Defendants, or whether all counts apply to all Defendants. Moreover, Plaintiff appears to include multiple claims within the same count, and in many cases a single paragraph contains numerous discrete ideas or circumstances.

For example, in paragraph 49 of Count I, labeled a breach of contract claim and consisting of 49 paragraphs (Dkt. 25, ¶¶ 42-91), Plaintiff alleges that non-party Sebring committed a material breach of contract when it did not notify her of its status as mortgagee after "its mortgage licenses had been revoked in every state" or that it had assigned, sold, or transferred her loan and that Plaintiff should make

5

payments to Defendant Ocwen. (Dkt. 25, ¶ 49.) Then, in paragraph 52, Plaintiff alleges that Defendants Ocwen, HSBC, and Ace have "committed wrongful foreclosure by virtue of" a list of 7 separate alleged actions. (*Id.*, ¶ 52.) Later, in paragraph 57, Plaintiff alleges that Defendants Ocwen, HSBC, and Ace violated M.C.L. 600.3240(12) by advertising that the redemption period after the sheriff's sale of the property in question would be six months as opposed to one year. (*Id.* at ¶ 57.)

This same breach of contract count also includes paragraphs alleging that Defendants, whether all or only some of them is unclear, violated other statutes including 12 U.S.C. § 2605 (*Id.* at ¶ 59), and committed forgery by forging the Promissory Note (*Id.* at ¶ 78). In addition, Count I includes a paragraph alleging that unspecified defendants lack standing to foreclose on Plaintiff's mortgage. (*Id.* at ¶ 86.) In many cases, it is not clear which Defendant Plaintiff is referring to, or whether she intends to refer to all or only some of them. (*E.g., id.* at ¶¶ 53, 56, 58, 65.) Similar defects are present in Counts VII, X, XV, XVI, XVII, and XVII.

Such unfocused allegations make it difficult for individual Defendants to intelligently respond to Plaintiff's accusations or for the Court to understand the issues in this case. While Plaintiff carries the burden of pleading sufficient facts to satisfy the standard established in the *Iqbal* and *Twombly* cases, and should plead all facts necessary to meet that standard, Plaintiff fails to meet that burden if she does not concisely clarify what is being been plead and against whom. Defendants' motion for a more definitive statement will therefore be granted, and Plaintiff shall

6

file an amended complaint which clarifies her claims and addresses the problems set out in Defendants' motion.

## 2. Defendants' motion to strike

Defendants have also moved to strike from Plaintiff's first amended complaint the allegations contained in the section entitled "Statement of Binding Undisputed Material Facts" at paragraphs 39-41, Count XIII at paragraphs 297-305 in its entirety, and Plaintiff's claims for punitive damages at paragraphs 237, 239, 245, and 333. (Dkt. 31, pp. 16-19.) In her response brief, Plaintiff agreed to remove her claims for punitive damages. (Dkt. 44, p. 20.) Accordingly, the Court will determine whether to strike paragraphs 39-41 and Count XIII of the first amended complaint.

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which specifically contemplates striking "redundant, immaterial, impertinent, or scandalous matter" from pleadings. Fed. R. Civ. P. 12(f); *see also Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006). "Although motions to strike...pursuant to Rule 12(f) are generally disfavored, such motions are within the sound discretion of the district court." *Mills v. United Producers, Inc.,* No. 11-13148, 2012 WL 1672948, at *1 (E.D. Mich. May 14, 2012) (quoting *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.,* 961 F. Supp. 1078, 1083 (W.D. Mich. 1997)).

Paragraphs 39-41 constitute a section labeled "Statement of Binding Undisputed Material Facts". (Dkt. 25, ¶¶ 39-41.) In paragraph 40, Plaintiff asserts

that Defendants never responded to certain discovery requests and therefore, on March 29, 2008, certain allegations were automatically deemed admitted pursuant to Federal Rule of Civil Procedure 36(3)(6)(b). (*Id.* at ¶ 40.) These include Defendant Ocwen Loan Servicing, LLC's alleged admission that is has no legal, equitable, or title interest in Plaintiff's property and illegally foreclosed on Plaintiff's mortgage, Defendant HSBC's alleged admission that is does not have any records or files related to Plaintiff's mortgage, Defendant Ace and Defendant Home Equity Trust 2007's alleged admissions that they have not maintained a mortgage loan file relevant to the mortgage in question, and Defendant Ocwen Financial Corporation's alleged admission that it used a subsidiary to wrongfully foreclose on mortgage loans. (*Id.* at ¶ 41.)

Defendants assert that these paragraphs must be stricken because, as a threshold matter, discovery has yet to be permitted in this case and the parties have not yet had a Rule 26(f) conference. (Dkt. 47, p. 5.) Moreover, when Plaintiff's case was transferred to the United States District Court for the Northern District of Illinois in December 2007, it was consolidated for pretrial purposes with multi-district litigation pending in that court against Defendant Ocwen. (*Id.*) In March 2008, Plaintiff's then-counsel received a letter from Defendant Ocwen stating that a discovery stay had been imposed by the court as part of the multi-district litigation and therefore, Defendant Ocwen would not be responding to Plaintiff's discovery requests. (*Id.* at 5-6.) Plaintiff herself attached a copy of this letter as an exhibit to her first amended complaint. (Dkt. 43, Ex. 12.) Defendants maintain that the stay

was never lifted and a final judgment was entered in the multi-district litigation on July 1, 2011. (Dkt. 47, p. 6.)

The allegations in paragraphs 39-41 are not admissions. This section of the first amended complaint will therefore be stricken as impertinent and immaterial. Defendants are correct that a Rule 26(f) conference was not convened in this case prior to its transfer, nor while it was pending in the Northern District of Illinois, and has not yet occurred since its remand to this Court. As Defendants note, pursuant to Rule 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…" Fed. R. Civ. P. 26(d).

Moreover, this Court has reviewed the 2008 letter and the dockets of Plaintiff's case (case no. 07-07208) and the multi-district litigation (case no. 04-02714) in the Northern District of Illinois and is satisfied that Plaintiff's case, as part of the multi-district litigation, was under a discovery stay. Plaintiff's case was transferred to the Northern District of Illinois on December 17, 2007 for inclusion in MDL No. 1604. (Dkt. 8.) Multiple notices of the discovery stay were filed in the multi-district litigation, including those on November 14, 2005 (NDIL case no. 04-02714, ECF no. 161), March 12, 2009 (*See* id, ECF no. 316), and May 25, 2010 (*Id.*, ECF no. 348). There is no indication on that court's docket that the discovery stay was ever lifted and the multi-district litigation has now concluded, resulting in a class action settlement. *See id.*, ECF no. 476.

When discovery is stayed, no discovery can occur. *See, e.g.*, *Hi-Lex Controls Inc. v. Blue Cross & Blue Shield of Michigan*, No. 11-12557, 2013 WL 388121, at *1

(E.D. Mich. Jan. 31, 2013). Accordingly, Defendants were not obligated to respond to any discovery requests from Plaintiff or her then-counsel during the multi-district litigation. By not responding during the stay of discovery, Defendants have not admitted any allegations. Moreover, discovery has not yet begun in this case as no Rule 26(f) conference has occurred and no joint discovery plan has been filed. Plaintiff may incorporate the assertions contained in these paragraphs as *allegations* in her second amended complaint in accordance with the requirements of the Federal Rules of Civil Procedure and this Order, but they are not binding admissions and may not be characterized as such. These are allegations that have yet to be proven. Once the second amended complaint has been filed and Defendants have responded, discovery may proceed as allowed under the rules.

Defendants have also requested that this Court strike Count XIII in its entirety. (Dkt. 31, pp. 17-18.) Count XIII is a motion for a temporary restraining order and preliminary injunction against all Defendants to prevent a sheriff's sale that was scheduled for July 3, 2007. (Dkt. 25, ¶¶ 297-305.) Defendants argue that this count must be stricken because "it is wholly predicated on actions that never materialized and are, therefore, immaterial." (*Id.* at 17.) The Court agrees. July 3, 2007 has long since passed, that sheriff's sale obviously did not occur because Plaintiff is still in her home, and no sheriff's sale is scheduled at this time. If there are grounds for a temporary restraining order and preliminary injunction, those grounds cannot be the need to prevent a sheriff's sale was avoided nine years ago.

Plaintiff asserts that the removal of Count XIII would leave her no recourse should Defendants attempt conduct a sheriff's sale. (Dkt. 44, p. 20.) This is incorrect. First, no such sale has been scheduled and Defendants have twice assured this Court at status conferences that they will not conduct a sheriff's sale until further order of this Court. Second, should this become an issue, Plaintiff may file a motion for a temporary restraining order and a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 to prevent such a sale. Accordingly, it is not necessary to include a pre-emptive count seeking a temporary restraining order, and a temporary and permanent injunction against Defendants to prevent a hypothetical sheriff's sale, let alone to prevent a 2007 sheriff's sale that never happened. Count XIII is thus immaterial and unnecessary and will be stricken.

Defendants' motion to strike will therefore be granted. Because the defects addressed above cannot be corrected by amending the complaint, Plaintiff shall not include these stricken paragraphs in her second amended complaint.

### 3. Defendant Anderson's motion to dismiss

Defendant Scott W. Anderson, apparently a Florida resident, responded to Plaintiff's first amended complaint by filing a motion to dismiss on April 6, 2016. (Dkt. 45.) Defendant Anderson argues that, pursuant to Federal Rule of Civil Procedure 12(b)(2), M.C.L. 600.705, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, he should be dismissed from this matter because Plaintiff has not alleged sufficient facts to establish this Court's jurisdiction over him. (*Id.*) Because Plaintiff will be permitted to amend her

11

complaint for the second time, Defendant Anderson's motion will be denied without prejudice. The Court will not reach the merits at this time.

Under Local Rule 7.1(e), Plaintiff had 21 days to respond to Defendant Anderson's motion, and her response was therefore due no later than April 27, 2016. *See* L.R. 7.1(e). Plaintiff missed the deadline for responding, and instead filed a motion for an extension of time *on* the date the response was due, requesting an additional seven days. (Dkt. 48.) Several days later, before the Court had ruled on Plaintiff's motion, Plaintiff filed her response brief (Dkt. 49) without leave to do so and also filed a motion for leave to exceed the page limit (Dkt. 50). In her motion for an extension of time, Plaintiff states that she needs an additional seven days because Plaintiff "has sought assistance from her one of her (attorney) employers in finalizing her response" and "[i]n order to accommodate her employer's current workload scheduled the extension of time is required." (*Id.* at ¶ 4.) Plaintiff does not explain why this assistance could not have been rendered during the previous 21 days.

Plaintiff's motion for extension of time and to exceed the page-limit will both be denied as moot. The Court reminds Plaintiff, however, that requests for extensions of time should be made in advance of the date when a pleading is due and, in any event, will *not* be routinely granted.

For the reasons stated above, Defendants' motion for a more definitive statement (Dkt. 31) is **GRANTED**. Plaintiff shall file a second amended complaint

that complies in all respects with the Federal Rules of Civil Procedure. In her
amended complaint, Plaintiff will do the following:

1. State what facts exist to establish this Court's jurisdiction over all of the
   Defendants, including Defendant Scott W. Anderson;

2. Specify in the heading for each and every count alleged: the legal claim
   asserted, the particular Defendant(s) against which the claim is asserted,
   and the state or federal law or constitutional amendment under which the
   claim is being asserted;

3. Limit each count to no more than one federal law, state law, or
   constitutional claim;

4. For each claim, state the basic elements of the claim and then allege the
   facts that satisfy these elements;

5. Limit each numbered paragraph "as far as practicable to a single set of
   circumstances." Fed. R. Civ. P. 10(b). Plaintiff can best comply with this
   rule by including no more than a single sentence or factual allegation
   within each numbered paragraph.

Plaintiff is granted **<u>14 days</u>** from the date of this Order to file a second
amended complaint that fully complies with this Order. The second amended
complaint must therefore be filed no later than <u>May 31, 2016</u> and no extensions will
be granted. Failure to meet this deadline will cause the complaint to be dismissed
with prejudice. Defendants will have **<u>21 days</u>** to respond.

Defendants' motion to strike (Dkt. 31) is **GRANTED**. Pursuant to Federal
Rule of Civil Procedure 12(f), paragraphs 39-41, Count XIII at paragraphs 297-305,
and Plaintiff's claims for punitive damages at paragraphs 237, 239, 245, and 333
are **STRICKEN** from the first amended complaint and Plaintiff will not include
them in the second amended complaint.

Because Plaintiff is granted leave to amend her complaint, Defendant Scott W. Anderson's motion to dismiss for lack of personal jurisdiction (Dkt. 45) is **DENIED WITHOUT PREJUDICE**. Defendant Anderson may re-file his motion, if appropriate, in response to the second amended complaint.

Finally, Plaintiff's motion for an extension of time (Dkt. 48) to respond to Defendant Anderson's motion and her motion for leave to file excess pages (Dkt. 50) are **DENIED AS MOOT**.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  May 17, 2016

## Certificate of Service

I hereby certify that this Order was electronically submitted on May 17, 2016, using the CM/ECF system, which will send notification to each party.

By:  s/A. Chubb
Case Manager

14