UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY ADELSON,

    Plaintiff,

v.

Case No. 07-13142
HON. TERRENCE G. BERG
HON. MONA K. MAJZOUB

OCWEN FINANCIAL CORPORATION, et al.,

    Defendants.
                              /

**ORDER DENYING PLAINTIFF'S**
**MOTION FOR RECONSIDERATION (DKT. 56)**

This matter is before the Court on Plaintiff Wendy B. Adelson's motion for reconsideration (Dkt. 56) of the Court's May 17, 2016 order granting Defendants' motion for a more definitive statement and to strike certain portions of Plaintiff's complaint, and ordering Plaintiff to amend her complaint (Dkt. 51). In particular, Plaintiff seeks reconsideration of the Court's decision to strike paragraphs 39-41 from the First Amended Complaint.[1] Because Plaintiff has failed to identify a palpable defect in the Court's order, the motion for reconsideration will be **DENIED**.

The Court may grant a motion for reconsideration if the movant satisfactorily shows that: (1) a palpable defect misled the parties and the Court; *and* (2)

---

[1] Paragraphs 39-41 constituted a section of the First Amended Complaint labeled "Statement of Binding Undisputed Material Facts". (Dkt. 25, ¶¶ 39-41.) Plaintiff is not prohibited from alleging the facts contained in these paragraphs, but they are not admissions and are not undisputed. (Dkt. 51, p. 10.)

correcting the defect would result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A defect is palpable if it is "obvious, clear, unmistakable, manifest, or plain." *Olson v. Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). The Court will not grant a motion for reconsideration "that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.*

Plaintiff's motion for reconsideration raises no new issues or argument—it references the arguments made in Defendants' written briefs, and argues that the Court was incorrect in declining to accept her view of the issue. Plaintiff reasserts her argument that any discovery stay that had been imposed in the multidistrict litigation proceedings in the Northern District of Illinois had been lifted by March 2008. The Court has reviewed the documents Plaintiff attached to her motion, all filings from the Northern District of Illinois dated November 14, 2005 through March 17, 2008, and finds that they do not clearly demonstrate that the discovery stay imposed by the court overseeing the multidistrict litigation proceedings into which Plaintiff's case had been combined was ever lifted.[2]

---

[2] During the pendency of the multidistrict litigation, Plaintiff's then-counsel received a letter from Defendants dated March 6, 2008 acknowledging that they received some discovery requests. (Dkt. 43-12.) The letter explains, however, that a discovery stay was in effect and, given that settlement negotiations were underway, so was a "further stipulated stay of deadlines". (*Id.*) Defendants appear to have been referencing a stipulation and order filed in the multidistrict litigation in the Northern District of Illinois (MDL 1604) on March 3, 2008 in which the parties agreed to stay certain deadlines while settlement negotiations continued. *See* ECF nos. 286, 287. In particular, the parties informed the court that a tentative settlement had been reached, and that Defendants were voluntarily withdrawing their motion to dismiss Plaintiffs' Second Amended Consolidated Complaint, but that Defendants could reinstate said motion if the parties could not reach a final settlement agreement by April 7, 2008. ECF no. 286. If Defendants' motion were reinstated, Plaintiffs would have an additional six weeks to respond and Defendants another six weeks to reply.

Plaintiff further argues that the court overseeing the multidistrict litigation proceeding "conducted three (3) status conferences" and therefore this Court was incorrect in stating in its Order that discovery never officially began in this case because no status conferences had been held. (Dkt. 56, p. 6.) But that is not the reason why the Court indicated discovery had not yet begun. Whether or not the MDL court conducted status conferences, discovery has not yet begun because, as the Court stated in its Order (Dkt. 51, p. 8, 10), a case management conference pursuant to Federal Rule of Civil Procedure 26(f) has yet to be convened in this matter[3], and the parties have not submitted a joint discovery plan under that rule. While certain initial disclosures are permitted under Rule 26(a) before a case management conference is held, pursuant to Rule 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…"[4] Fed. R. Civ. P. 26(d).

---

*Id.* Settlement negotiations then continued, and Plaintiffs filed a Third Amended Consolidated Complaint in April 2009 (ECF no. 319), Defendants responded with a new motion to dismiss in June 2009 (ECF no. 325), and the parties requested that the court stay any ruling on that motion to dismiss because a settlement had been reached (ECF nos. 345, 348). Finally, the court preliminarily approved the settlement (ECF no. 367), and then finalized that approval on July 1, 2011 (ECF no. 476).

[3] Moreover, as of the date of this Order, Plaintiff has filed a Second Amended Complaint (Dkt. 55), which supersedes her initial complaint (Dkt. 1) as well as her First Amended Complaint (Dkt. 25). In response to the Second Amended Complaint, Defendants have filed motions to dismiss. (Dkts. 60, 61.)

[4] Plaintiff also asserts that Defendants' August 24, 2007 motion to stay is still pending before this Court. (Dkt. 56, p. 6.) It is not. Defendants filed a motion to stay all proceedings because, at that time, this case was the subject of a pending motion to transfer it to another jurisdiction. (Dkt. 5, p.

The Court makes no determination at this time as to the merits of Plaintiff's allegations – but it has already carefully explained its reasons for concluding that paragraphs 39-41 of the First Amended Complaint represented, at this stage, allegations to be proven rather than Defendants' admissions. (*See* dkt. 51, pp. 7-10.) Because Plaintiff does not identify any palpable defect in the Court's order, the motion for reconsideration (Dkt. 56) is **DENIED**.

As of the date of this Order, three motions are pending in this matter. First, Plaintiff's motion arguing that certain defendants were not parties to, and thus her claims against them were not extinguished by, MDL 1604 (Dkt. 52) is fully briefed. Also pending is Defendant Scott W. Anderson's motion to dismiss for lack of personal jurisdiction (Dkt. 60) and the remaining Defendants' motion to dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted (Dkt. 61). These two motions to dismiss (Dkts. 60 and 61) were both filed on June 21, 2016, and, pursuant to Local Rule 7.1(e), Plaintiff's responses are due no later than **July 12, 2016**.

**SO ORDERED**.

                                                   s/Terrence G. Berg
                                                   TERRENCE G. BERG
                                                   UNITED STATES DISTRICT JUDGE

Dated:  July 1, 2016

---

2.) The case was then transferred, and the only pending motion presented to the transferee judge was Plaintiff's August 15, 2007 motion to remand. (*See* dkts. 3, 8, 9.)

**Certificate of Service**

I hereby certify that this Order was electronically submitted on July 1, 2016, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb
Case Manager
