# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**WENDY B. ADELSON,**

      **Plaintiff,**                **CIVIL ACTION NO. 07-cv-13142**

      **v.**                        **DISTRICT JUDGE TERRENCE G. BERG**

**OCWEN FINANCIAL**              **MAGISTRATE JUDGE MONA K. MAJZOUB**
**CORPORATION, et al.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This matter, which challenges mortgage foreclosure proceedings, comes before the Court on four motions: (1) Plaintiff Wendy Adelson's Motion to Separate HSBC Bank USA, N.A., as *trustee* on behalf of Ace Security Corp., Home Equity Loan Trust Series 2007-HE1 *Asset Backed Pass-Through Certificates*, in its Pleadings as Being Part of the Northern District of Illinois Multi-District Litigation Case No. 04-cv-2714, MDL 1604 (docket no. 52); (2) Defendant Scott W. Anderson's Motion to Dismiss Plaintiff's Corrected Second Amended Complaint[1] (docket no. 60); (3) Defendants Ocwen Financial Corporation, Ocwen Loan Servicing, LLC, HSBC Bank USA N.A., as Trustee on behalf of Ace Securities Corp. Home Equity Loan Trust and for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust 2007-HE1 Asset Backed Pass-Through Certificates (HSBC), MERSCORP Holdings, Inc., and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Corrected Second Amended

---

[1] Defendant Anderson has appeared in this matter through counsel for the limited purpose of moving to dismiss Plaintiff's claims against him for lack of personal jurisdiction. (*See* docket no. 60 at 2.)

Complaint[2, 3] (docket no. 61); and (4) Plaintiff's Motion to Void, Cancel and/or Rescind U.S. District Court for the N.D. of Ill Dkt No. 04-C-2714 December 10, 2010 Settlement as to Dkt 07-cv-07208 "Only" or Confirm Plaintiff's Faxed Opt-Out Notice as Timely & Effective or in the Alternative, for an Enlargement of Time to Opt-Out Waiver (docket no. 67).  The parties have filed responses,[4] replies, and a sur-reply to the aforementioned motions.  (Docket nos. 57, 59, 74, 75, 76, 77, 78, 79, and 80.)  This matter has been referred to the undersigned for all pretrial purposes.  (Docket no. 63.)  The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## I.      RECOMMENDATION

For the reasons that follow, it is recommended that (1) Plaintiff's Motion to Separate HSBC Bank USA, N.A., as *trustee* on behalf of Ace Security Corp., Home Equity Loan Trust Series 2007-HE1 *Asset Backed Pass-Through Certificates*, in its Pleadings as Being Part of the Northern District of Illinois Multi-District Litigation Case No. 04-cv-2714, MDL 1604 (docket no. 52) be **DENIED**; (2) Plaintiff's Motion to Void, Cancel and/or Rescind U.S. District Court for the N.D. of Ill Dkt No. 04-C-2714 December 10, 2010 Settlement as to Dkt 07-cv-07208

---

[2] Defendant HSBC Bank USA N.A., as Trustee on behalf of Ace Securities Corp. Home Equity Loan Trust and for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust 2007-HE1 Asset Backed Pass-Through Certificates indicates that it has been improperly named in this matter as "HSBC Bank USA, N.A. and Ace Securities Corp., Home Equity Loan Trust 2007-HE1;" Defendants MERSCORP Holdings, Inc., and Mortgage Electronic Registration Systems, Inc. indicate that they have been improperly named in this matter as "Electronic Mortgage Registration Systems" and "Mortgage Electronic Registration System."  (Docket no. 61 at 1 n.1.)

[3] In this Report and Recommendation, the Court will refer to Defendants Ocwen Financial Corporation and Ocwen Loan Servicing, LLC collectively as "Ocwen" and to Defendants MERSCORP Holdings, Inc., and Mortgage Electronic Registration Systems, Inc. collectively as "MERS."

[4] In both of Plaintiff's Responses to Defendants' Motions to Dismiss, Plaintiff seeks leave to file a third amended complaint as part of the relief sought and has submitted the proposed complaint as an exhibit to her Responses. (Docket no. 74 at 31; docket no. 74-3; docket no. 75 at 35; docket no. 75-2.)  Plaintiff's request is procedurally **Error! Main Document Only.**improper under E.D. Mich. ECF Policies and Procedures Rule 5(e).  ("[A] response or reply to a motion must not be combined with a counter-motion.")  Furthermore, Plaintiff has provided no substantive basis for the amendment.  Accordingly, the undersigned will not consider Plaintiff's request.

"Only" or Confirm Plaintiff's Faxed Opt-Out Notice as Timely & Effective or in the Alternative, for an Enlargement of Time to Opt-Out Waiver (docket no. 67) be **DENIED**; (3) Defendant Scott W. Anderson's Motion to Dismiss Plaintiff's Corrected Second Amended Complaint (docket no. 60) be **GRANTED**; (4) Defendants Ocwen Financial Corporation, Ocwen Loan Servicing, LLC, HSBC Bank USA N.A., as Trustee on behalf of Ace Securities Corp. Home Equity Loan Trust and for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust 2007-HE1 Asset Backed Pass-Through Certificates, MERSCORP Holdings, Inc., and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Corrected Second Amended Complaint (docket no. 61) be **GRANTED**; and (5) Defendant Federal Deposit Insurance Corporation (FDIC) be dismissed from this matter.  It is therefore recommended that this matter be dismissed in its entirety.

II.    REPORT

    A.    **Background**

Plaintiff borrowed the sum of one hundred seventy-eight thousand five hundred dollars ($178,500.00) from non-party Sebring Capital Partners, LP on or about September 26, 2006. (Docket no. 55-3.)  As security for the loan, Plaintiff granted MERS, as nominee for the lender, a mortgage interest in real property located at 3630 Waldon Road in Lake Orion, Michigan.  (*Id.*) The mortgage was recorded with the Oakland County Register of Deeds on November 3, 2006, in Liber 38341, pages 483-501.  (*Id.*)  Sebring allegedly ceased operations on December 1, 2006. (Docket no. 55-5.)  Then, in a December 19, 2006 letter, Defendant Ocwen Loan Servicing, LLC notified Plaintiff that the servicing of her mortgage loan was transferred from Sebring to Ocwen effective December 15, 2006, and advised Plaintiff to direct her monthly mortgage payments to Ocwen going forward.  (Docket no. 55-6.)

Plaintiff alleges that despite making partial monthly payments to Ocwen from December 2006 to May 2007, which Ocwen held in suspense, she began receiving collection calls and late payment letters from Ocwen beginning on February 4, 2007.  (Docket no. 55 ¶¶ 31-32, 34, 51; docket no. 55-10.)  On February 28, 2007, Plaintiff allegedly sought from Ocwen further proof of its authority to collect her mortgage payments and was told that something would be mailed to her.  (*Id*. ¶ 33.)  According to Plaintiff, on April 29, 2007, Ocwen refused to identify the current holder of Plaintiff's note or provide proof to Plaintiff of its entitlement to collect her mortgage loan payments.  (*Id*. ¶¶ 36-37.)  Plaintiff alleges that as a result of Ocwen's refusal, on May 1, 2007, she established an escrow account into which she deposited her May 2007 mortgage payment, received verification from the Oakland County Register of Deeds that no assignment of her mortgage from Sebring to Ocwen had been recorded, and sent to Ocwen via certified mail a Qualified Written Request for a verification of the assignment of the servicing and ownership of her loan.  (*Id*. ¶ 38; docket no. 55-10.)

On June 4, 2007, Ocwen's Loan Resolution Department mailed to Plaintiff a letter regarding her delinquent mortgage loan, in which it presented her with some alternatives to foreclosure.  (Docket no. 55-7.)  On June 5, 2007, Defendant MERS assigned Plaintiff's mortgage to Defendant HSBC, which assignment was recorded with the Oakland County Register of Deeds on June 27, 2007.  (Docket no. 55-13.)  Also on June 5, 2007, Defendant HSBC published a foreclosure notice in the Oakland County Legal News and the Oakland Press identifying a default in the amount of $186,607.68 and scheduling a sheriff's sale of Plaintiff's property for July 3, 2007.  (Docket no. 55 ¶ 42; docket no. 55-11.)  A foreclosure notice was also posted on Plaintiff's front door on June 12, 2007; according to Plaintiff, the foreclosure notice

was the first time that she had any knowledge of Defendant HSBC's interest in the property. (*Id.* ¶¶ 43-44.)

Plaintiff then initiated this action against Defendants Ocwen Financial Corporation, Ocwen Loan Servicing, LLC, HSBC Bank USA, N.A., and Ace Securities Corp., Home Equity Loan Trust 2007-HE1 on June 25, 2007 in the Oakland County Circuit Court, challenging the foreclosure proceedings. (Docket no. 1 at 45-50; docket no. 1-2 at 1-23.) On July 15, 2007, defense counsel sent to Plaintiff's counsel via email a reinstatement quote for Plaintiff's loan and notified Plaintiff's counsel that Defendants had cancelled the sheriff's sale due to the filing of the lawsuit. (Docket no. 55-14.) Defendants then removed the case to this court on July 27, 2007. (Docket no. 1.) In December 2007, this action was transferred to the Northern District of Illinois (ILND) for inclusion in Multidistrict Litigation (MDL) No. 1604, a proceeding against Ocwen Federal Bank FSB, of which Defendant Ocwen Loan Servicing, LLC, is a successor-in-interest. (*See* docket nos. 7-9.) Despite the fact that the MDL settled in 2010, Plaintiff's individual case remained pending in the Northern District of Illinois until it was remanded to this court in September 2015. (*See* docket nos. 12 and 16.)

Plaintiff is proceeding *pro se* upon remand, since which the parties have unsuccessfully engaged in facilitation (*see* docket no. 24 at 2), and Plaintiff has filed two amended complaints (docket nos. 25, 43, and 55). Plaintiff was ordered to file the Second Amended Complaint by District Judge Terrence G. Berg in a May 17, 2016 Order, which also granted Defendants' Motion for a More Definitive Statement and Motion to Strike. (Docket no. 51.) Specifically, the Order instructed Plaintiff to file a second amended complaint within fourteen (14) days that complies in all respects with the Federal Rules of Civil Procedure, among other things. (*Id.* at 12-13.) The Order warned Plaintiff that failure to file the second amended complaint by May 31,

2016 would result in dismissal with prejudice.  (*Id*. at 13.)  The Order also granted Defendants' motion to strike paragraphs 39-41, Count XIII at paragraphs 297-305, and Plaintiff's claims for punitive damages at paragraphs 237, 239, 245, and 333 from the First Amended Complaint and advised Plaintiff to not include those paragraphs in the second amended complaint.  (*Id*.)

Plaintiff filed the instant Motion to Separate (docket no. 52) on May 30, 2016; she then filed her Second Amended Complaint (docket no. 55) on June 1, 2016.  On June 5, 2016, Plaintiff filed a Motion for Reconsideration of the May 17, 2016 Order, in which she specifically sought reconsideration of the court's decision to strike paragraphs 39-41 from Plaintiff's First Amended Complaint.  (Docket no. 56.)  While that motion was pending, Defendants filed the instant Motions to Dismiss on June 21, 2016.  (Docket nos 60 and 61.)  Judge Berg denied Plaintiff's Motion for Reconsideration and referred this matter to the undersigned to conduct all pretrial proceedings on July 1, 2016.  (Docket nos. 62 and 63.)  Plaintiff then filed the instant Motion to Void, Cancel and/or Rescind the December 10, 2010 MDL Settlement on July 12, 2016.  (Docket no. 67.)  The undersigned will now address the four instant motions referenced above.

###### B.     Analysis

> 1.     *Plaintiff's Motion to Separate HSBC Bank USA, N.A., as trustee on behalf of Ace Security Corp., Home Equity Loan Trust Series 2007-HE1 Asset Backed Pass-Through Certificates, in its Pleadings as Being Part of the Northern District of Illinois Multi-District Litigation Case No. 04-cv-2714, MDL 1604 [52]*

Plaintiff filed the instant Motion on May 30, 2016, in which she moves the court to enter an order preventing Defendants Ocwen from including Defendant HSBC in their pleadings as being part of the MDL or under the protection of the MDL's discovery stays, orders, decisions, or judgments.  (Docket no. 52 at 1-2.)  From what this Court can discern, Plaintiff is arguing that

(1) the judgments, orders, and decisions entered in the MDL are void as to Defendant HSBC because Defendant HSBC was not a defendant in the MDL, did not intervene in the MDL, and the Northern District of Illinois did not have jurisdiction over HSBC; (2) accordingly, Defendants Ocwen are barred from asserting that Defendant HSBC is protected by, and Defendant HSBC is precluded from availing itself of, the discovery stay(s) entered in the MDL; and (3) therefore, Defendant HSBC was not excused from responding to Plaintiff's February 28, 2008 Request for Admissions, and its failure to do so resulted in the admission of those matters. (*See* docket no. 52.)  Essentially, then, as Defendants point out, Plaintiff's Motion to Separate is a motion for reconsideration of the court's May 17, 2016 Order striking paragraphs 39-41 of Plaintiff's First Amended Complaint, which Plaintiff prefaced as a "Statement of Binding Undisputed Material Facts."  (*See* docket no. 57 at 12-14; docket no. 51 at 7-10; docket no. 25 ¶¶ 39-41.)

In the May 17, 2016 Order, the court held that the allegations in paragraphs 39-41 of Plaintiff's First Amended Complaint were allegations yet to be proven and not admissions because Defendants were not obligated to respond to any discovery requests from Plaintiff under Federal Rule of Civil Procedure 26(d).[5]  (Docket no. 51 at 9-10.)  In reaching this determination, the court reasoned that (1) Plaintiff's case, as part of the MDL, was under a discovery stay, and there is no indication that the stay was ever lifted; and (2) discovery has not yet begun in Plaintiff's case because a Rule 26(f) conference was not convened in the case prior to its transfer, while it was pending in the Northern District of Illinois, or since its remand to this court, and no joint discovery plan has been filed.  (*Id.*)  The court then granted Defendants' Motion to Strike paragraphs 39-41 from Plaintiff's First Amended Complaint, but it advised Plaintiff that she may

---

[5] Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  Fed. R. Civ. P. 26(d).

incorporate the assertions contained in those paragraphs into her Second Amended Complaint as allegations only, not binding admissions.  (*Id*. at 10, 13.)  The court affirmed its decision to strike paragraphs 39-41 on July 1, 2016, when it denied Plaintiff's June 5, 2016 Motion for Reconsideration.  (*See* docket nos. 56 and 62.)

Through this motion, Plaintiff is attempting to re-litigate matters which have already been decided against her.  She has presented no valid basis for reconsidering those matters, however.  Furthermore, even if Defendant HSBC was not excused from responding to Plaintiff's February 28, 2008 discovery requests under the discovery stay entered in the MDL, it was not obligated to respond those requests under Rule 26(d) because a Rule 26(f) discovery conference had not yet occurred in this matter.  Accordingly, Plaintiff's Motion to Separate HSBC Bank USA, N.A., as *trustee* on behalf of Ace Security Corp., Home Equity Loan Trust Series 2007-HE1 *Asset Backed Pass-Through Certificates*, in its Pleadings as Being Part of the Northern District of Illinois Multi-District Litigation Case No. 04-cv-2714, MDL 1604 (docket no. 52) should be denied.

   2. *Plaintiff's Motion to Void, Cancel and/or Rescind U.S. District Court for the N.D. of Ill Dkt No. 04-C-2714 December 10, 2010 Settlement as to Dkt 07-cv-07208 "Only" or Confirm Plaintiff's Faxed Opt-Out Notice as Timely & Effective or in the Alternative, for an Enlargement of Time to Opt-Out Waiver [67]*

In this Motion, Plaintiff moves to void the December 10, 2010 MDL Settlement Agreement as it pertains to her under section 6.18 of the Agreement, which provides that upon any material breach of the Agreement by either party, the non-breaching party is entitled to void the Agreement.  (Docket no. 67 at 9-12; docket no. 76-2 at 25.)  Plaintiff alleges that Defendant Ocwen breached the Agreement because, even though it credited her mortgage account with a $1,000.00 late-fee waiver, it did not deduct that amount from the mortgage loan balance.  (Docket no. 67 at 10-12.)  In the alternative, Plaintiff requests that the court construe her

untimely opt-out notice as timely and allow her to opt out of the Settlement, or extend the time for opting out of the Settlement and allow her to file a proper and timely opt-out notice.  (*Id*. at 14-23.)

Plaintiff asserts that this court has jurisdiction to grant the relief she seeks because she previously filed this motion while her case was pending in the Northern District of Illinois, and instead of ruling on the motion, the district court judge relinquished his decision-making authority to this court by remanding Plaintiff's case.  (Docket no. 67 at 8-9.)  Defendants argue that this court does not have jurisdiction to amend, alter, or void the MDL Settlement.  (Docket no. 76 at 9-10.)  In this regard, Defendants point out that Plaintiff has cited no authority for her assertion of this court's jurisdiction, but she has cited several authorities that confirm that a district court may retain jurisdiction to enforce a settlement entered in a case over which it presided.  (*Id*.)  Defendants argue that this is exactly what the Northern District of Illinois did with regard to the MDL Settlement.  (*Id*.)  Defendants are correct.

A federal district court "retains jurisdiction to enforce a settlement agreement if it either (1) has language in the dismissal order indicating its retention of jurisdiction, or (2) incorporates the terms of the settlement agreement into the dismissal order."  *Hehl v. City of Avon Lake*, 90 F. App'x 797, 801 (6th Cir. 2004).  Here, in the Revised Final Approval Order and Judgment entered in the MDL, Case no. 1:04-cv-02714, on July 1, 2011, the United States District Court for the Northern District of Illinois stated:

> Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement pursuant to further orders of the Court until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement; (b) any other action necessary to conclude this Settlement and to implement the Settlement Agreement; and (c) the enforcement, construction, and interpretation of the Settlement Agreement.

*In re Ocwen Federal Bank FSB Mortgage Servicing Litigation*, N.D. Ill. Case No. 1:04-cv-02714, ECF no. 476 ¶ 11.[6]  Thus, the United States District Court for the Northern District of Illinois explicitly retained jurisdiction over the Settlement Agreement entered in the MDL, and this court has none.   Plaintiff's argument that the Northern District of Illinois relinquished jurisdiction over the MDL Settlement Agreement in case no. 1:04-cv-02714 by declining to rule on Plaintiff's then pending motion to cancel or opt out of the Settlement[7] before remanding Plaintiff's individual case, No. 1:07-cv-07208, to this court is unsupported and belies principles of logic and common sense.   Accordingly, Plaintiff's Motion to Void, Cancel and/or Rescind U.S. District Court for the N.D. of Ill Dkt No. 04-C-2714 December 10, 2010 Settlement as to Dkt 07-cv-07208 "Only" or Confirm Plaintiff's Faxed Opt-Out Notice as Timely & Effective or in the Alternative, for an Enlargement of Time to Opt-Out Waiver (docket no. 67) should be denied.

3.    *Defendant Scott W. Anderson's Motion to Dismiss Plaintiff's Corrected Second Amended Complaint [60]*

Defendant Anderson moves to dismiss Plaintiff's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(2), asserting that the court has neither general personal jurisdiction nor limited personal jurisdiction over him.  (Docket no. 60.)  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) asserts a lack of personal jurisdiction over the person.  The

---

[6] The Court takes judicial notice of the proceedings in *In re Ocwen Federal Bank FSB Mortgage Servicing Litigation*, Case No. 1:04-cv-02714, conducted in the United States District Court for the Northern District of Illinois.  ("[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record."  *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) (citations and internal quotation marks omitted).)

[7] *See Adelson v. Ocwen Financial Corp., et al.*, N.D. Ill. Case No. 1:07-cv-07208, ECF no. 66.  Notably, on October 27, 2014, the Northern District of Illinois denied a motion by Plaintiff to vacate and/or opt out of the Settlement, which was significantly similar to the one that was pending at the time of remand.  *Id.* ECF nos. 23 and 32.  Plaintiff appealed the district court's October 27, 2014 order to the Seventh Circuit Court of Appeals, which dismissed Plaintiff's appeal for lack of appellate jurisdiction because Plaintiff filed the motion in her individual case (not the MDL), and the judgment in the MDL did not fully resolve Plaintiff's individual case.  *Id.* ECF no. 68.

burden of establishing jurisdiction rests with the plaintiff. *Int'l Tech. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997) (citations omitted). In the absence of an evidentiary hearing to resolve factual disputes, the plaintiff need only make a *prima facie* showing of personal jurisdiction. *Id.* But in the face of a properly supported motion to dismiss, the plaintiff must support his pleadings with an affidavit or other evidence that sets forth specific facts demonstrating that the court has jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citation omitted).

In cases where jurisdiction is based on diversity of citizenship, federal courts apply the law of the state in which the court is located to determine whether personal jurisdiction exists. *Nationwide Mut. Ins. Co. v. Tryg Intl. Ins. Co.,* 91 F.3d 790, 793 (6th Cir. 1996) (citing *LAK, Inc., v. Deer Creek Enterprises,* 885 F.2d 1293, 1298 (6th Cir. 1989) (citing *Southern Mach. Co. v. Mohasco Indus.,* 401 F.2d 374, 376, n.2 (6th Cir. 1968))). Michigan law provides that a court has general personal jurisdiction over an individual if he is present in the state or domiciled in the state at the time when process is served or if he consents to personal jurisdiction. Mich. Comp. Laws § 600.701. Plaintiff has not alleged that any of these circumstances exist with regard to Defendant Anderson; indisputably, they do not. Thus, the court does not have general jurisdiction over Defendant Anderson, and a limited personal jurisdiction inquiry is in order.

"'A court's exercise of personal jurisdiction over a nonresident defendant[8] is appropriate only if it meets the state's long-arm statute and constitutional due process requirements.'" *Williams v. Langdon*, No. 08-10408, 2008 WL 2705509, at *3 (E.D. Mich. July 10, 2008) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 615 (6th Cir. 2005)). "The court's exercise of jurisdiction comports with due process 'when the defendant has sufficient minimum contacts

---

[8] While Plaintiff has pled no facts regarding Defendant Anderson's residency, Defendant Anderson asserts that he is a resident of Florida. (Docket no. 60 at 9.)

such that traditional notions of fair play and substantial justice are not offended.'"  *Id*.  Under

Michigan's long-arm statute, a court can exercise limited personal jurisdiction over an individual

where any of the following relationships between the individual and the forum state exist:

> (1) The transaction of any business within the state.
> (2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.
> (3) The ownership, use, or possession of real or tangible personal property situated within the state.
> (4) Contracting to insure a person, property, or risk located within this state at the time of contracting.
> (5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.
> (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.
> (7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

Mich. Comp. Laws § 600.705.  Constitutional due process requirements are met, and a court may

exercise limited personal jurisdiction if (1) the defendant has purposefully availed himself of the

privilege of acting or causing a consequence in the forum state; (2) the cause of action arose

from the defendant's activities in the forum state; or (3) the defendant's actions or consequences

caused by the defendant had a substantial enough connection with the forum state to make the

exercise of jurisdiction over the defendant reasonable.  *Southern Mach. Co.,* 401 F.2d at 381.

"[E]ach criterion represents an independent requirement, and failure to meet any one of the three

means that personal jurisdiction may not be invoked."  *LAK, Inc.*, 885 F.2d at 1303.  "'[W]hen a

state's long-arm statute reaches as far as the limits of the Due Process Clause, the two inquiries

merge and the court need only determine whether the assertion of personal jurisdiction . . .

violates constitutional due process.'"  *Intera*, 428 F.3d at 616 (quoting *Aristech Chem. Int'l Ltd.*

*v. Acrylic Fabricators Ltd.,* 138 F.3d 624, 627 (6th Cir. 1998)).  Such is the case with Michigan's long-arm statute.  *Chandler v. Barclays Bank PLC,* 898 F.2d 1148, 1150-51 (6th Cir. 1990).

In the Second Amended Complaint, Plaintiff alleges that Defendant Anderson is employed by Defendant Ocwen Financial Corporation as its Executive Vice President and by Defendant Ocwen Loan Servicing, LLC as its Chief Servicing Officer.  (Docket no. 55 ¶ 9.)  She further alleges that Defendant Anderson fraudulently executed the assignment of her mortgage from Defendant MERS to Defendant HSBC in Palm Beach, Florida, which caused damaging consequences to Plaintiff in Michigan.  (*Id.* ¶¶ 160, 162.)  Indeed, the Assignment of Mortgage bears Defendant Anderson's signature, which was notarized Palm Beach, Florida.  (*See* docket no. 55-13.)  But none of Plaintiff's allegations regarding Defendant Anderson's allegedly fraudulent activity are supported by citations to admissible evidence.  Furthermore, Plaintiff's allegations fall short of establishing that Defendant Anderson conducted any activities within the state of Michigan; thus the second constitutional due process requirement enumerated in *Southern Machine* is not met.  Moreover, it would be unreasonable to exercise personal jurisdiction over Defendant Anderson in this matter based on his mere signature on the Assignment of Mortgage, to which Plaintiff was not a party.  Exercising personal jurisdiction over Defendant Anderson under these circumstances is not consistent with due process.  *See Williams*, 2008 WL 2705509, at *6; *see also Flagstar Bank, FSB v. Centerpointe Fin., Inc.*, No. 2:10-CV-14234, 2011 WL 2111984, at *4 (E.D. Mich. May 26, 2011).  Plaintiff has not met her burden of establishing this court's jurisdiction over Defendant Anderson; therefore, Defendant Anderson should be dismissed from this matter for want of personal jurisdiction.

> 4.   *Defendants Ocwen Financial Corporation, Ocwen Loan Servicing, LLC, HSBC Bank USA N.A., as Trustee on behalf of Ace Securities Corp. Home Equity Loan Trust and for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust 2007-HE1 Asset Backed Pass-Through*

> *Certificates, MERSCORP Holdings, Inc., and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Corrected Second Amended Complaint [61]*

Defendants Ocwen, HSBC, and MERS move to dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket no. 61.)  When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).  The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).  But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This "facial plausibility" is required to "unlock the doors of discovery."  *Id.*  To make this determination, the *Iqbal* Court set out the following two-step analysis:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

14

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

As an initial matter, Defendants assert that Plaintiff's Second Amended Complaint should be dismissed because it fails to comply with the court's May 17, 2016 Order to file a second amended complaint by May 31, 2016, that complies in all respects with the Federal Rules of Civil Procedure. (Docket no. 61 at 19-20.) Specifically, Defendants point out that Plaintiff filed the Second Amended Complaint one day late, on June 1, 2016, and that she incorporated "Paragraph by Paragraph and Word for Word" the original Complaint and the First Amended Complaint into the Second Amended Complaint. (*Id* (quoting docket no. 55 ¶ 18).) Indeed, Plaintiff's Second Amended Complaint was untimely filed, and the incorporation of her prior pleadings by reference violates Eastern District of Michigan Local Rule 15.1.[9] While these errors may warrant dismissal, particularly where Plaintiff was warned that failure to meet the May 31, 2016 deadline would cause the complaint to be dismissed with prejudice (*see* docket no. 51 at 13), the undersigned will address Plaintiff's Second Amended Complaint on the merits.

In the Second Amended Complaint, Plaintiff sets forth the following claims: Count I – Fraudulent Conveyance; Count II – Declaratory Judgment; Count III – Breach of Contract; Count IV – Wrongful Foreclosure; Count V – Mortgage Fraud; Count VI – Civil Conspiracy to Commit Mortgage Fraud; Count VII – Accounting; Count VIII – Tortious Interference with Contractual Relations; Count IX – Slander of Title; Count X – Unfair or Deceptive Trade Practices; Count XI – Federal Debt Collection Practices Act; Count XII – Federal Credit

---

[9] "Any amendment to a pleading . . . may not incorporate any prior pleading by reference."  E.D. Mich. L.R. 15.1.

Reporting Act; Count XIII – Defamation; Count XIV – Negligence; Count XV – Invasion of Privacy/False Light; Count XVI – Quiet Title; Count XVII – Intentional Infliction of Emotional Distress; Count XVIII – RICO, 18 U.S.C. § 1961; and Count XIX – Attorney Fees.  (Docket no. 55.)  After careful review and consideration of Plaintiff's Second Amended Complaint, it is evident that Plaintiff's claims arise from two separate instances of allegedly wrongful conduct: (1) Defendant Ocwen's mortgage servicing activities and debt collection practices; and (2) the assignment of Plaintiff's mortgage from Defendant MERS to Defendant HSBC.

a.      Plaintiff's Claims Regarding Defendant Ocwen's Mortgage
Servicing Activities and Debt Collection Practices

Defendants argue that Plaintiff's claims regarding Defendant Ocwen's mortgage servicing activities and debt collection practices are barred the MDL Settlement and are barred by *res judicata*.  (Docket no. 61 at 20-24.)  *Res judicata*, or claim preclusion, bars the same parties from re-litigating issues that were actually litigated as well as all claims that could have been raised in an earlier action.  *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996).  Federal courts apply federal law in determining the preclusive effect of a prior federal judgment where the prior litigation was based on federal question jurisdiction.  *EB-Bran Productions v. Warner*, 242 F. App'x 311, 312 (6th Cir. 2007).  Because the MDL was based on federal question jurisdiction, the Court will address Defendants' argument under the federal *res judicata* principles set forth by the Sixth Circuit.  The elements of *res judicata* are: "(1) a final decision on the merits by a court of competent jurisdiction, (2) a subsequent action between the same parties or their privies, (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action, and (4) an identity of the causes of action."  *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (citations omitted).

Here, Plaintiff was one of many who entered into the December 10, 2010 Northern District of Illinois MDL 1604 Settlement Agreement with Defendants Ocwen, in which she

> released, relinquished and discharged Defendants and Defendants' Related Parties from any and all claims, including Unknown Claims, arising out of, or related to, the facts and/or claims alleged in the MDL Actions arising out of state or federal law, including but not limited to (i) any and all claims related to Defendants' mortgage servicing activities, including but not limited to claims relating to Defendants' calculation, collection, handling, application and/or crediting of mortgage payments; assessment of any related fees, costs, late fees, insurance premiums, attorneys' fees, foreclosure-related fees and costs, broker price opinion fees, appraisal fees, property inspection fees, forbearance fees, prepayment penalties, bankruptcy-related fees and costs and other similar fees and costs; . . . administration of escrow accounts; initiation of default and foreclosure proceedings including any fees and costs associated therewith; reinstatement and payoff procedures, including any fees and costs associated therewith; credit reporting practices; (ii) any and all claims related to Defendants' debt collection activities; and (iii) any and all claims that were or could have been brought against Defendants or Defendants' Related Parties in the MDL Actions based on the facts alleged in the MDL actions. Notwithstanding any language herein, this release shall not extend to and has no effect on statutory or common law rights against foreclosure, whether asserted in the form of a claim or defense, in response to an actual or threatened judicial or non-judicial foreclosure.[10]

(Docket no. 61-2 at 6, 21.)  On July 1, 2011, the Northern District of Illinois entered a Final Approval Order and Judgment with respect to the Settlement in the MDL.  *In re Ocwen Federal Bank FSB Mortgage Servicing Litigation*, N.D. Ill. Case No. 1:04-cv-02714, ECF no. 476.  This Order serves as an adjudication on the merits, and the first element of *res judicata* is met.  *See King v. S. Cent. Bell Tel. & Tel. Co.*, 790 F.2d 524, 528-29 (6th Cir. 1986) (final order approving class action settlement agreement acts as an adjudication on the merits for purposes of *res judicata*).

The second element, which requires that the parties in the present action be the same parties or their privies as those in the prior proceeding, is met in this case.  As noted, Plaintiff

---

[10] The undersigned acknowledges the exemptions to the release as stated in the last sentence of the above-stated block quote; however, to the extent Plaintiff asserts violations of her statutory or common law rights against foreclosure against Defendants, such claims are conclusory, at best.  (*See* docket no. 55 ¶¶ 143, 145.)

was a member of the MDL class action.  And Ocwen Loan Servicing, LLC, is a named defendant in both the class action and the present action.   Also, the Settlement Agreement defines "Defendants' Related Parties," who were included in the release of claims as "each of a Defendant's past or present officers, directors, partners, agents, employees, shareholders, attorneys, accountants or auditors, consultants, legal representatives, predecessors, successors, assigns, parents, subsidiaries, divisions, affiliated entities, and any entity that controls a Defendant, or in which a Defendant has a controlling interest."  (Docket no. 61-2 at 4.)  Plaintiff alleges that Defendant Ocwen Financial Corporation is the parent company of Defendant Ocwen Loan Servicing, LLC (docket no. 55 ¶ 4); accordingly, Ocwen Financial Corporation is also a party to both actions.  Furthermore, as Defendants correctly assert, Defendant Ocwen Loan Servicing, LLC currently acts as the loan servicing agent for current mortgagee Defendant HSBC, and acted as the servicing agent for Defendant MERS, the original mortgagee as nominee for Sebring; thus, Defendants HSBC and MERS are privies of Defendants Ocwen for purposes of *res judicata*.  (*See* docket no. 61 at 23-24 (citing *Kimball v. Orlans Assocs. P.C.*, 651 F. App'x 477, 481 (6th Cir.), *cert. denied,* 137 S. Ct. 596 (2016) ("Myriad district courts agree that a mortgage's loan servicer acts as agent for the mortgagee, thereby satisfying res judicata's privity requirement for suits involving the mortgage.").)

The third element requires that an issue exist in the subsequent action that was litigated or that could have been litigated in the prior action.  Plaintiff's claims for declaratory judgment, breach of contract, wrongful foreclosure, mortgage fraud, civil conspiracy to commit mortgage fraud, accounting, tortious interference with contractual relations, unfair or deceptive trade practices, defamation, negligence, invasion of privacy/false light, intentional infliction of emotional distress, and attorney fees, as well as the claims brought under the Federal Debt

Collection Practices Act and Federal Credit Reporting Act clearly were or could have been litigated in the prior action. (*See* docket no. 55 ¶¶ 91-98, 110, 122-26, 129-31, 142, 148-52, 178, 180, 184-93, 199, 219-24, 227-51, 253-58, 260-69, 271-73, 275-77, 290, 342-344.)

The fourth and final element of *res judicata* requires an identity of causes of action. The Sixth Circuit has defined this to mean an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). Plaintiff's Second Amended Complaint challenges the same mortgage servicing activities and debt collection activities at issue in the prior action. The core facts underlying the present case are identical to the facts forming the basis of the prior action. The same evidence would be necessary in both actions. Therefore, *res judicata* bars the following claims against Defendants Ocwen, MERS, and HSBC in this case: Count II – Declaratory Judgment; Count III – Breach of Contract; Count IV – Wrongful Foreclosure; Count V – Mortgage Fraud; Count VI – Civil Conspiracy to Commit Mortgage Fraud; Count VII – Accounting; Count VIII – Tortious Interference with Contractual Relations; Count X – Unfair or Deceptive Trade Practices; Count XI – Federal Debt Collection Practices Act; Count XII – Federal Credit Reporting Act; Count XIII – Defamation; Count XIV – Negligence; Count XV – Invasion of Privacy/False Light; Count XVII – Intentional Infliction of Emotional Distress; and Count XIX – Attorney Fees. Accordingly, Defendants' Motion to Dismiss (docket no. 61) should be granted with regard to these claims.

b.   Plaintiff's Claims Regarding the Assignment of Plaintiff's Mortgage from Defendant MERS to Defendant HSBC

Next, while not explicitly stated, Plaintiff challenges the initiation of foreclosure proceedings against her property on the basis that Defendant HSBC did not hold a valid interest in her property and was therefore ineligible to initiate foreclosure proceedings, where Defendants

Ocwen, HSBC, MERS, and Anderson fraudulently manufactured the assignment of Plaintiff's mortgage from Defendant MERS to Defendant HSBC.  (Docket no. 55 ¶¶ 55, 62-63, 67-73, 77-80, 91-92, 99, 104-07, 109-10, 136, 140, 144-45, 150, 153-55, 159-66, 172-78, 198-200, 203, 205, 209-13, 219, 280, 289, 297-300, 303, 307; *see* MCL § 600.3204(1)(d) (A party may foreclose a mortgage by advertisement only if, among other things, "[t]he party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.").)

A debtor, who is not a party to an assignment, lacks standing to challenge the validity of that assignment, except to raise defenses that would render the assignment invalid, ineffective, or void. *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010) (citing 6A C.J.S. *Assignments* § 132 (2010)).  These defenses include the non-assignability of the mortgage, the assignee's lack of title, and a prior revocation of the assignment.  *Id*.  The Sixth Circuit explained that debtors have standing to raise those particular defenses because they cannot otherwise protect themselves from the prejudice of having to pay the same debt twice.  *Id*.  But a debtor "cannot raise alleged acts of fraud, or question the motive or purpose underlying an assignment."  *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.*, 717 F. Supp. 2d 724, 736 (E.D. Mich.) (citing 6A C.J.S. *Assignments* § 132), *aff'd sub nom. Livonia Properties Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97 (6th Cir. 2010).

In this case, while Plaintiff alleges that Defendants acted fraudulently and with improper motives in executing and recording the assignment, which she lacks standing to assert under *Livonia Properties*, Plaintiff has failed to state any plausible claim that the aforementioned defenses, which would be appropriate to assert, apply here.  Indeed, they do not.  "The Michigan

20

Supreme Court has made clear that a mortgage granted to MERS as mortgagee and nominee for the lender and the lender's successors and assigns is a valid and assignable mortgage." *Vanderhoof v. Deutsche Bank Nat. Trust*, 554 F. App'x 355, 358 (6th Cir. 2014). As noted above, Plaintiff's mortgage granted MERS, as nominee for Sebring and Sebring's successors and assigns, a mortgage interest in Plaintiff's property. (*See* docket no. 55-3 at 3.) Accordingly, MERS had the authority to assign Plaintiff's mortgage to Defendant HSBC, the assignment is valid in that regard, and Defendant HSBC is a proper party to initiate foreclosure proceedings on Plaintiff's property under MCL § 600.3204(1)(d). *See Vanderhoof*, 554 F. App'x at 358.

Even if the assignment from Defendant MERS to Defendant HSBC was invalid, thereby creating a defect in the foreclosure process, to succeed on her challenge to the foreclosure proceedings, Plaintiff must show that she was prejudiced by Defendants' failure to comply with MCL § 600.3204. *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 361 (6th Cir. 2013) (citing *Kim v. JPMorgan Chase Bank, N.A.,* 825 N.W.2d 329, 337 (Mich. 2012)). Plaintiff can demonstrate such prejudice by showing that she would have been in a better position to preserve her interest in the property absent Defendants' non-compliance with the statute or that she would be subject to double liability for her mortgage-loan indebtedness. *Id.* at 361, 362 (citations omitted). But Plaintiff has not demonstrated prejudice in this matter, as she has not alleged that she will be subject to liability from anyone other than Defendant HSBC. Moreover, she certainly cannot show that she would be in a better position to preserve her interest in the property absent Defendants' non-compliance with the statute, because the validity of an assignment does not affect *whether* Plaintiff owes her obligations, but only to *whom* Plaintiff is obligated. *Livonia Prop. Holdings, L.L.C.*, 717 F. Supp. 2d at 735.

Accordingly, the causes of action in Plaintiff's Second Amended Complaint that arise from the alleged invalidity of the assignment of Plaintiff's mortgage from Defendant MERS to Defendant HSBC (Count I – Fraudulent Conveyance; Count II – Declaratory Judgment; Count IV – Wrongful Foreclosure; Count V – Mortgage Fraud; Count VI – Civil Conspiracy to Commit Mortgage Fraud; Count VIII – Tortious Interference with Contractual Relations; Count IX – Slander of Title; Count X – Unfair or Deceptive Trade Practices; Count XVI – Quiet Title; Count XVII – Intentional Infliction of Emotional Distress; Count XVIII – RICO, 18 U.S.C. § 1961; and Count XIX – Attorney Fees) fail to state a claim upon which relief can be granted.  Defendants' Motion to Dismiss (docket no. 61) should therefore be granted with respect to these claims.

Based on the foregoing discussion, each of the claims in Plaintiff's Second Amended Complaint should be dismissed under principles of *res judicata* and/or for failure to state a claim upon which relief can be granted.  Accordingly, Plaintiff's Second Amended Complaint should be dismissed in its entirety.

### 5.   *Plaintiff's Claims against the Federal Deposit Insurance Corporation*

Plaintiff initially named the FDIC as a defendant in this matter in her First Amended Complaint, filed on February 23, 2016.  (Docket no. 25.)  Although the FDIC was correctly named in the First Amended Complaint, Plaintiff added the FDIC to the court's electronic filing system, CM/ECF, as "Deposit Federal Insurance Corp" and requested a summons for the same. Plaintiff then attempted to correct this error by adding the "Federal Insurance Deposit Corp" to CM/ECF.  At Plaintiff's request, a summons for the "Federal Insurance Deposit Corp" was issued on February 29, 2016.  (Docket no. 27.)  According to a certificate of service filed on the docket in this matter, a copy of this summons, in which the FDIC was *improperly* named, and presumably a copy of the First Amended Complaint, in which the FDIC was *properly* named,

were served via certified mail upon the FDIC's designated agent for service of process in Michigan on March 3, 2016. (Docket no. 30; *see* docket no. 42 at 2.) On March 24, 2016, Plaintiff requested that a Clerk's Entry of Default be entered against the FDIC for failure to plead or otherwise defend. (Docket no. 36.) A default was then entered against "Federal Insurance Deposit Corp" on March 25, 2016, as the "Federal Deposit Insurance Corporation" was not yet properly named on the court's docket in this matter. (Docket no. 38.)

District Judge Berg addressed the confusion resulting from Plaintiff's errors in naming the FDIC as a party on CM/ECF in a March 31, 2016 Order. (Docket no. 42.) In that Order, Judge Berg recognized that the addition of the "Deposit Federal Insurance Corp" and the "Federal Insurance Deposit Corp" to CM/ECF was a mistake, terminated those parties, and corrected the case caption to include the "Federal Deposit Insurance Corporation" as a named defendant. (*Id.* at 2.) He also vacated the Clerk's Entry of Default as premature, reasoning that as a federal agency, the FDIC had sixty days under Federal Rule of Civil Procedure 12(a)(2) to respond to Plaintiff's First Amended Complaint. (*Id.* at 3.) Thus, assuming that proper service was effected upon the FDIC on March 3, 2016, the FDIC had until May 2, 2016 to respond. (*See id.*)

To date, the court has received no indication that service was not properly effected upon the FDIC, no attorney has filed an appearance on behalf of the FDIC in this matter, and Plaintiff has taken no further action with regard to the FDIC. Nevertheless, should the court adopt the undersigned's recommendation that Plaintiff's Second Amended Complaint be dismissed *in its entirety, supra*, Defendant FDIC should be dismissed from this matter.

### C.      Conclusion

For the above-stated reasons, the court should (1) **DENY** Plaintiff's Motion to Separate HSBC Bank USA, N.A., as *trustee* on behalf of Ace Security Corp., Home Equity Loan Trust Series 2007-HE1 *Asset Backed Pass-Through Certificates*, in its Pleadings as Being Part of the Northern District of Illinois Multi-District Litigation Case No. 04-cv-2714, MDL 1604 (docket no. 52); (2) **DENY** Plaintiff's Motion to Void, Cancel and/or Rescind U.S. District Court for the N.D. of Ill Dkt No. 04-C-2714 December 10, 2010 Settlement as to Dkt 07-cv-07208 "Only" or Confirm Plaintiff's Faxed Opt-Out Notice as Timely & Effective or in the Alternative, for an Enlargement of Time to Opt-Out Waiver (docket no. 67); (3) **GRANT** Defendant Scott W. Anderson's Motion to Dismiss Plaintiff's Corrected Second Amended Complaint (docket no. 60); (4) **GRANT** Defendants Ocwen Financial Corporation, Ocwen Loan Servicing, LLC, HSBC Bank USA N.A., as Trustee on behalf of Ace Securities Corp. Home Equity Loan Trust and for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust 2007-HE1 Asset Backed Pass-Through Certificates, MERSCORP Holdings, Inc., and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Corrected Second Amended Complaint (docket no. 61); and (5) dismiss Defendant Federal Deposit Insurance Corporation from this matter.  The court should therefore dismiss this matter in its entirety.

## III.      NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th

Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  February 16, 2017          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated:  February 16, 2017          s/ Lisa C. Bartlett
                                   Case Manager