UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY ADELSON,

        Plaintiff,

                                    Case No. 07-13142
v.                                 HON. TERRENCE G. BERG
                                    HON. MONA K. MAJZOUB

OCWEN FINANCIAL CORPORATION, et al.,

        Defendants.
_____/

**ORDER STRIKING PLAINTIFF'S OBJECTIONS (Dkt. 91) AND ADOPTING REPORT AND RECOMMENDATION (Dkt. 86)**

Before the Court is a twenty-five page Report and Recommendation by Magistrate Judge Mona Majzoub, issued on February 16, 2017, recommending resolutions of four pretrial motions. (Dkt. 86).

Any Objections to the Report and Recommendation were due "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1). On March 2, 2017, Plaintiff filed Objections (Dkt. 88) consisting of forty-four pages of argument. On the same day, Plaintiff also filed a Motion for Leave to File Excess Pages. (Dkt. 89). The Eastern District of Michigan's Local Rule 72.1(d)(5) provides, "LR [local rule] 7.1 governs the form of objections, responses, and replies." Local Rule 7.1, in turn, states that "the text of a brief [. . .], including footnotes and signatures, may not exceed 25 pages." Pursuant to these Rules, on March 8, 2017, this Court issued an Order denying Plaintiff's Motion for Leave to

File Excess Pages (Dkt. 89) and striking Plaintiff's impermissibly long Objections. (Dkt. 88). The Court instructed Plaintiff to refile Objections that meet the requirements of the Local Rules by March 13, 2017 and ordered Defendants to respond, if they so desired, by March 20, 2017.

On March 11, 2017, Plaintiff refiled her Objections. (Dkt. 91). Although Plaintiff's refiled Objections complied with the Local Rules' page-limitation requirement, they did so by violating its font-size and spacing requirements. The argument portion of Plaintiff's brief meets the Local Rules' requirement of twenty-five pages, but Plaintiff typed the body-text of her refiled Objections in 12-point font (with footnotes in 10-point font) and also changed significant portions of the body-text from double to single-spaced. Local Rule 5.1(a)(2) requires the type size of all text to be no smaller than 14-point font, while Local Rule 5.1(a)(3) requires all text to be double-spaced, with the exception of quoted material and footnotes. Like her initial Objections, Plaintiff's refiled Objections violate the Eastern District of Michigan's Local Rules. Moreover, because the contents of Plaintiff's initial Objections and refiled Objections are nearly identical, it appears that Plaintiff ignored the Court's order to reduce the length of the Objections and simply tried to jam the same over-long Objections into a smaller number of pages rather than make an earnest attempt to reduce the content to a permissible size. It does not appear that Plaintiff made any good-faith effort to meet the page-limit requirement, as directed by the Court. For these reasons, Plaintiff's refiled Objections are hereby **STRICKEN**. (Dkt. 91).

The Court has reviewed the Magistrate Judge's Report and Recommendation. (Dkt. 86). Where neither party objects to the report (or, as here, where neither party files a proper objection) within fourteen days, the district court is not obligated to independently review the record. *See Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). The Court will therefore accept the Magistrate's Report and Recommendation of February 16, 2016 as this Court's findings of fact and conclusions of law.[1]

Accordingly, it is hereby **ORDERED** that Magistrate Judge Majzoub's Report and Recommendation of February 16, 2016 is **ACCEPTED** and **ADOPTED**. It is **FURTHER ORDERED** that:

(1) Plaintiff's Motion to Separate HSBC Bank USA, N.A., as trustee on behalf of Ace Security Corp., Home Equity Loan Trust Series 2007-HE1 Asset Backed Pass-Through Certificates, in its Pleadings as Being Part of the Northern District of Illinois Multi-District Litigation Case No. 04-cv-2714, MDL 1604 (Dkt. 52) is **DENIED**;

(2) Plaintiff's Motion to Void, Cancel and/or Rescind U.S. District Court for the N.D. of Ill Dkt No. 04-C-2714 December 10, 2010 Settlement as to Dkt 07-cv-07208 "Only" or Confirm Plaintiff's Faxed Opt-Out Notice as Timely & Effective or

---

[1] Where a party properly files objections to a report and recommendation, a district court must conduct a de novo review of the parts of a report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). Although under no obligation to do so in this case, the Court has nevertheless carefully reviewed all of Plaintiff's refiled Objections, as well as Defendants' responses to those Objections. Under the de novo standard, the Court is satisfied that the reasoning and legal analysis of the Report and Recommendation is correct and none of Plaintiff's refiled Objections are meritorious.

3

in the Alternative, for an Enlargement of Time to Opt-Out Waiver (Dkt. 67) is **DENIED**;

(3) Defendant Scott W. Anderson's Motion to Dismiss Plaintiff's Corrected Second Amended Complaint (Dkt. 60) is **GRANTED**;

(4) Defendants Ocwen Financial Corporation, Ocwen Loan Servicing, LLC, HSBC Bank USA N.A., as Trustee on behalf of Ace Securities Corp. Home Equity Loan Trust and for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust 2007-HE1 Asset Backed Pass-Through Certificates, MERSCORP Holdings, Inc., and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Corrected Second Amended Complaint (Dkt. 61) is **GRANTED**;

(5) Defendant Federal Deposit Insurance Corporation is dismissed from this matter; and

(6) That this matter is therefore dismissed in its entirety.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2017

## Certificate of Service

I hereby certify that this Order was electronically submitted on March 28, 2017, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb
Case Manager